UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TERRON THOMPSON, | ) | CASE NO. C08-1841-RSM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| DEPUTY A. THOMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. He names King County Sherriff's Deputies A. Thompson and J. Gagliardi and Department of Corrections Officers K. Rongen and J. McLaughlin as defendants. Plaintiff's claims relate to his arrest on April 26, 2007 for possession of a firearm by a convicted felon. He alleges violation of his constitutional rights through unlawful arrest, unlawful seizure, and false imprisonment.

Defendants seek dismissal of plaintiff's claims on summary judgment. (Dkts. 27 &

30.) Plaintiff did not respond to either motion for summary judgment. The Court deems plaintiff's failure to oppose the dispositive motions to be an admission that defendants' motions have merit. *See* Local Civil Rule 7(b)(2). The Court further finds, having considered the papers and pleadings submitted by defendants, as well as the balance of the record in this matter, that defendants' motion for summary judgment should be granted and this case dismissed.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-23. The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994).

Plaintiff here pursues a claim pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

As argued by defendants, plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a civil rights complaint under

§ 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). The § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In this case, plaintiff was charged with and convicted of unlawful possession of a firearm in the first degree. (Dkt. 28, Ex. H.) He challenges herein the search and seizure which led to his arrest and conviction on this charge. (*See* Dkt. 7 at 3.) However, he makes no allegation or showing that his confinement has been invalidated or impugned in any respect. Because the successful pursuit of plaintiff's challenges would necessarily imply the invalidity of his conviction, plaintiff's claims are barred by *Heck*. *See*, *e.g.*, *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) ("[A] § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned."), *overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (false arrest and imprisonment claims barred by *Heck* given that success on

those claims would require a demonstration of a lack of probable cause for the arrest and a finding of no probable cause would necessarily imply invalidity of conviction).[1]

For the reason outlined above, the Court recommends that defendants' motions for summary judgment (Dkts. 27 & 30) be GRANTED and this case DISMISSED without prejudice.[2] A proposed order accompanies this Report and Recommendation.

DATED this 6th day of October, 2009.

Mary Alice Theiler
United States Magistrate Judge

---

[1] Because plaintiff's claims are barred by *Heck*, the Court declines to address defendants' other arguments.

[2] When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). A district court should not convert a defective § 1983 claim into a petition for a writ of habeas corpus unless it is clear that the plaintiff intends to bring a habeas petition. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Instead, the district court should dismiss the § 1983 claims without prejudice. *Id*.